UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 19-49-HRW-CJS

DESEAN NEAL                                                                                                      PLAINTIFF

v.                            **REPORT AND RECOMMENDATION**

CHRISTOPHER BANKS, et al.                                                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

DeSean Neal filed a Motion for an Injunction Order (R. 21) requesting the Court order the Kentucky Department of Corrections to transfer him to a different place of incarceration. The presiding District Judge has entered a standing referral order assigning to the undersigned pretrial authority according to 28 U.S.C. § 636(b). (R. 13). Under § 636(b), a Court may "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)," among which is pretrial injunctive relief. *See* 28 U.S.C. 636(b)(1)(B). Pursuant to these guidelines, the Court enters the following Report and Recommendation, recommending that DeSean Neal's Motion for an Injunction Order (R. 21) be denied.

I.      **FACTS AND PROCEDURAL HISTORY**

DeSean Neal, an inmate at the Eastern Kentucky Correctional Complex (EKCC) state prison, brings this action against five EKCC employees alleging violations of 42 U.S.C. § 1983. (*See* R. 1). He complains that prison personnel undertook "malicious and sadistic actions" that created "unnecessary and wanton infliction of pain" in violation of his constitutional rights. (*Id*. at Page ID 2). He is seeking compensatory and punitive damages. (*Id*. at Page ID 10).

Neal requests a preliminary injunction in the form of a prison transfer because he no longer feels safe at EKCC. (R. 21 at Page ID 438). He contends that because most of the defendants are high ranking EKCC employees, there is a "target on [his] back." (*Id.*). This contention includes being "housed" in "SEG" (solitary confinement) due to "being harassed by family members and friends of the defendants" (*id.*) and that he is being "forced to starve" himself because guards are making comments to him while serving his food such as "you enjoy your food sir" and "be sure to eat the main course." (*Id.* at Page ID 438-39). These comments, Neal alleges, are often said with a smile, and one officer "even went as far as winking before he left the walk." (*Id.* at Page ID 439).

## II.   ANALYSIS

As an initial matter, Neal has not alleged facts on which he can be granted a preliminary injunction. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held[.]" *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994)). "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Neal's vague contention of harassment from friends and family of the defendants and his contention of guards serving him food with a wink or a smile while telling him to enjoy it does not establish a relationship between the injury claimed in the Motion for Injunction and the conduct

asserted in the Complaint. Neal's Complaint concerns the acts of individuals assaulting him while in a restraint chair. None of those individuals are named in his Motion for Injunction, and the acts alleged do not connect with the original assault. *See Cooper v. Bower*, No. 5:15-cv-P249-TBR, 2017 WL 3389521, at *4 (W.D. Ky. Aug. 4, 2017) (finding that new assertions of retaliation not before the Court do not state a claim that can provide a basis of relief).

However, even if examined on the merits, Neal's argument fails. A preliminary injunction is an extraordinary remedy which should only be granted if the movant carries the burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Further, where an inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *see also Overstreet*, 305 F.3d at 573 (setting out a similar four-part test). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Neal cannot show a substantial likelihood of success. His request for a preliminary injunction concerns "friends and family" of named defendants as well as unnamed prison guards. These parties do not concern the lawsuit and are not related to the claim that Neal has brought before the Court. Without some connection between the named defendants and the reason for an injunction, Neal will be unable to show a likelihood of success on the merits. Further, no evidence on the record supports Neal's contentions. The lack of evidence combined with Neal requesting

3

his injunction because of unrelated actions of unnamed parties will assure that he cannot show a likelihood of success on the merits. *See Weatherspoon v. Thibault*, No. 2:14-cv-108, 2017 WL 9481036, at *1 (W.D. Mich. Mar. 14, 2017) (finding that defendant has not shown a likelihood of success on the merits when he did not have any evidence on the record in support and he requested a transfer to a new prison because of retaliation from defendants not named in the suit); *Gresham v. Peterson*, 2:09-cv-231, 2010 WL 6001594, at *1 (W.D. Mich. Dec. 9, 2010) (finding that plaintiff cannot show a likelihood of success on the merits because the record does not support his claim and because he does not explain how the named defendants are involved in the request for injunction); *Brown v. Unknown Johns*, No. 2:05-cv-43, 2007 WL 851859, at *2 (W.D. Mich. Mar. 20, 2007) (denying the injunction because plaintiff did not attempt to show a likelihood of success in his motion and because the motion requested relief "unrelated to [the] lawsuit against individuals who are not parties to [the] action").

Neal cannot show irreparable harm. Irreparable harm "must be 'actual and imminent,' and not merely remote or speculative." *Roden v. Floyd*, 2:16-cv-11208, 2018 WL 6816162, at *4 (E.D. Mich. Nov. 13, 2018) (quoting *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 680 (E.D. Mich. 1995)). Neal's contention that he "no longer feels safe" at EKCC does not show imminent harm, as it speculates as to possible harm and is too remote to be imminent. *See Cooper*, 2017 WL 3389521, at *4 (finding no irreparable harm when plaintiff alleged that the staff kept assaulting him and that it was obvious plaintiff's life was in danger). Further, the conclusory contention that Neal is being "forced to starve himself" is not enough, without more, to show irreparable harm. It is unlikely that a man who is starving would refuse to eat food because of smiles and winks. *See Arthur Lee Gates, Jr. v. Ron Neal, et al.,* Case No. 3:20-cv-102-RLM-MGG, 2020 WL 1076106, at *4 (N.D. Ind. Mar. 5, 2020) (finding no irreparable harm despite allegations of starvation

4

because defendant refused a cold meal and it would be unlikely that a man starving would react that way and he did not describe the effects of starvation, but merely stated that he had not eaten in five months); *Johnson v. Townsend*, Mo. 3:CV-03-2277, 2005 WL 8168299, at *5 (M.D. Pa. Apr. 25, 2005) (finding no irreparable harm where plaintiff alleged facts making him afraid to eat, resulting in extreme weight loss, recurring migraine headaches, and other maladies because plaintiff does not claim that defendant deprived him of meals nor offer sufficient support of the harm resulting from starvation).

Neal also cannot show that the balance of equities tip in his favor or that an injunction is in the public interest. "[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context." *Lang v. Thompson*, No. 5:10-CV-379, 2010 WL 4962933, at *7 (E.D. Ky. Nov. 30, 2010). Courts in this circuit find that the third and fourth elements of a preliminary injunction test weigh in the favor of the prison officials when a preliminary injunction is brought against them by a prisoner. *See Austin v. Franklin Cnty., Ky.*, No. 3:18-CV-00059-GFVT-EBA, 2019 WL 2018463 (E.D. Ky. Feb. 1, 2019); *McDonald v. Springfield*, No: 5:18-CV-P93-TBR, 2018 WL 3623770, at *4 (W.D. Ky. July 30, 2018); *Brown*, 2007 WL 851859, at *2; *Gresham*, 2010 WL 6001594, at *2.

### III.  CONCLUSION AND RECCOMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that DeSean Neal's Motion for an Injunction Order (R. 21) be **DENIED.**

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within **fourteen (14) days** of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985). A general

5

objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed this 28th day of October, 2020.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil ashland\2019\19-49-HRW R&R on injunction.docx