**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CIVIL ACTION NO. 19-49-HRW-CJS**

**DESEAN NEAL** **PLAINTIFF**

**v.** **REPORT AND RECOMMENDATION**

**CHRISTOHPER BANKS, et al.** **DEFENDANTS**

* * * * * * * * * * * *

This matter is before the Court on Defendants' Motion for Summary Judgment and Memorandum in Support. (R. 44; R. 50). Plaintiff has not responded to Defendants' Motion. Plaintiff's failure to file a response and failure to comply with other orders of the Court leads the undersigned to believe that Plaintiff has abandoned his case. Therefore, it will be recommended that Defendants' Motion for Summary Judgment (R. 44) be **denied as moot** and that Plaintiff's Complaint (R. 1) be **dismissed without prejudice** for failure to prosecute.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The allegations in this matter took place when Neal was an inmate at the Eastern Kentucky Correctional Complex ("EKCC"). (*See* R. 1). On May 24, 2019, Plaintiff DeSean Neal, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 against Christopher Banks, Amy Ferguson, Julie Hinton, William Mullins, and Chrissy Lindon. (*Id.*). Neal alleges that certain prison officials stripped him of his clothes and placed him in a restraint chair. (*Id.* at Page ID 5). Neal further alleges that Officer Mullins stepped on his feet and slammed a shield against his face several times, causing him injuries. (*Id.*). Moreover, Neal alleges that the Defendants forced him to stay in the restraint chair for five hours, during which time he was forced to urinate on himself.

(*Id.* at Page ID 3). Neal previously filed suit in this Court against the same Defendants for this alleged circumstance; however, that case was dismissed without prejudice by the presiding District Judge because Neal filed it against the Defendants in their *official* capacities only. *See DeSean Neal v. Christopher Banks, et al.,* Case No. 0:19-cv-38-HRW. In this second case, Neal makes clear that he is now suing the Defendants in their *individual* capacities. (*Id.* at Page ID 10).

Shortly after filing his Complaint, the Court noted that Neal had not paid the $400.00 filing and administrative fee nor moved to proceed *in forma pauperis*. (R. 4 at Page ID 58). The Court ordered Neal to pay the fee or file the proper motion to proceed *in forma pauperis*. (*Id.* at Page ID 58-59). Notably, the Court also instructed Neal that he must keep the Clerk of Court informed about his current address or his case would be dismissed. (*See id.* at Page ID 59). Thereafter, the Court granted Neal's request to proceed as a pauper and began the process of its initial review. (R. 7). On initial review, the District Judge determined that the named Defendants would be required to answer Neal's Complaint. (R. 8). The Order also directed the Clerk of Court to issue five service packets to the United States Marshals Service. Finally, that Order again warned Neal that he "must immediately advise the Clerk's Office of any change in his current mailing address[,]" and that "[i]f [he] fails to do so, the Court may dismiss his case." (*Id.* at Page ID 82) (emphasis added).

On August 7, 2019, the Defendants filed their Answer (R. 12), and this matter was referred to the undersigned to conduct all further proceedings, including filing a recommended disposition on any dispositive matters (R. 13). A Scheduling Order with various case deadlines was entered. (*See* R. 15). This matter proceeded through the discovery phase; Neal participated in the discovery phase through several filings. (*See, e.g.,* R. 16 (Motion to Appoint Counsel); R. 17 (Motion for Order to View and Storage of Video); R. 20 (Motion for Subpoena Order); R. 25 (Second Motion for Subpoena Order); R. 33 (Motion for Discovery); and R. 35 (Motion for Order Compelling

Discovery). On April 12, 2021, the Clerk of Court's Office received and filed a letter from Neal dated April 7 stating that the prison administration was denying him his original legal mail. (R. 38). This would be the last document received from Neal in this case. The Clerk also on April 12 received from EKCC a returned envelope originally sent by the Clerk's Office to Neal at EKCC containing copies of the Court's two Orders issued March 30, 2021. (R. 36; R. 37). The envelope was marked as received by EKCC on April 7, 2021 and "return to sender" and "refused to sign." (R. 39). An Order was entered April 14, 2021, regarding Neal's April 7 letter, instructing him that he must pursue grievance procedures within the facility. (*See* R. 40). The Clerk's envelope mailing that April 14, 2021 Order to Neal also included copies of the Court's two March 30, 2021 Orders (R. 36; R. 37) that had been previously mailed to Neal but returned. This April 14, 2021 mailing was apparently received by Neal because it was not returned to the Clerk's Office as refused or undeliverable.

The litigation proceeded, with the Defendants then filing their Motion for Summary Judgment on August 30, 2021, following the conclusion of discovery. (R. 44). However, due to a mistake in the address, Defendants' attempt to serve Neal with their Motion for Summary Judgment was not delivered to him. (R. 47). Defendants filed notice that they remailed their Motion for Summary Judgment to Neal at the correct EKCC address on September 8. (*See id.*). Moreover, upon review of the Defendants' filings related to their dispositive motion, the Court noticed that Defendants had not electronically filed their Memorandum in Support of their Motion for Summary Judgment and directed them to do so. (R. 49). Defendants complied (R. 50), explaining that their Memorandum had not been electronically filed due to a technical problem when they attempted to upload the document to the electronic case filing system (R. 51). Defendants also informed that when they remailed their Motion for Summary Judgment to Neal

on September 8 to the correct EKCC address, that mailing included all related documents; i.e., their Memorandum in Support and all corresponding exhibits. (R. 51).

As explained in the Court's September 24, 2021 Order (R. 52), Neal had until October 4, 2021, to file a response to Defendants' Motion for Summary Judgment. No response has been filed by Neal, by October 4, 2021 or otherwise. Moreover, the docket reflects that no filings or other communications of any kind have been received by the Clerk's Office from Neal since his letter dated April 7, 2021 was received by the Clerk and filed on April 12. Subsequent Orders have been issued by the Court (*see* R. 40; R. 43; R. 48; R. 49; R. 52), all of which have been mailed to Neal at EKCC and not returned to the Clerk as undelivered and/or refused to sign. The docket reflects the most recent docket entry has been the Court's September 24, 2021 Order (R. 52) informing Neal by when his response to Defendants' Motion for Summary Judgment must be filed. The Court's recent check of Kentucky's Online Offender Lookup ("KOOL") website reflects that Neal has been released from EKCC on mandatory reentry supervision. *See* Kentucky Department of Corrections, KOOL, *available at* *http://kool.corrections.ky.gov/KOOL/Details/299938* (last visited February 22, 2022). Specifically, Neal's Offender Information states that his mandatory reentry supervision began on January 22, 2022. *Id.*

## II. ANALYSIS

A federal trial court has authority to dismiss a case under Federal Civil Rule 41(b) because of a plaintiff's failure to prosecute his claims. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31 (1962) (holding the language in Rule 41(b) allowing for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss *sua sponte*).[1] "The power to

[1] Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack

invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id. See also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute."); *see Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties, after certain plaintiffs failed to respond to a court order requiring filing status information).

In determining whether a case should be dismissed for failure to prosecute under Federal Rule 41(b), a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren,* 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll,* 176 F.3d at 363. As discussed below, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

First, the Court does not know why Neal has failed to file a response to Defendants' Motion for Summary Judgment or to otherwise move this case forward, but it appears he has simply abandoned it. Despite specific instruction of the deadline to file a response to Defendants'

---

of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

dispositive motion and move the case forward for the Court to consider the merits of that dispositive motion, Neal has failed to do so. Neal has also failed to comply with the Court's two Orders (*see* R. 4; R. 8) to notify the Clerk of any change in his address, thus evidencing a willful disregard of the Court's instruction. The authority to dismiss a case for failure to prosecute applies specifically in the context here—where a litigant apparently abandons his case by failing to update the court as to his address. *Watsy v. Richards*, 816 F.2d 683 (6th Cir. 1987) (affirming district court's dismissal of action under Rule 41(b) where the *pro se* plaintiff failed to update the district court as to his current address); *see also Rogers v. Ryan*, No. CV 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address."). Under the Joint Local Rules for the Eastern and Western Districts of Kentucky, "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.3(e). Neal was informed of this duty early in the proceedings. (*See* R. 4; R. 8). Neal's actions and lack of action indicate that his failure to prosecute this case is a willful decision on his part.

Second, while the prejudice to Defendants at this point may be minimal, they have expended funds in defending this action, including discovery and preparation and filing of a dispositive motion. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources to defend this case."). In addition, Neal's inaction has resulted in an overall delay of the litigation. Thus, Neal's failure to move this case forward by providing an updated address to the Clerk or by filing a response to

Defendants' dispositive motion or making any other filing to move this case forward has caused prejudice to Defendants.

For the third factor, Neal was ordered to keep the Court apprised of changes in his address if he intended to pursue his case. (*See* R. 4; R. 8). *See Austin v. Dennis*, No. 0:13-cv-118-HRW, 2014 WL 6909659, at *3 (E.D. Ky. Dec. 8, 2014) (finding third factor met where plaintiff "was warned by the Court in its initial order that failure to keep the Court apprised of his location could result in dismissal of his case"); *Rogers v. Ryan*, No. CV 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) (dismissal appropriate sanction for *pro se* litigant's failure to provide current address). Thus, Neal has been given clear warnings that his case could be dismissed if he did not comply with the Court's directive to "immediately advise the Clerk's Office of any change in his current mailing address." (R. 8 at Page ID 82).

Lastly, the fourth factor looks to whether less drastic sanctions were imposed or considered. Because Neal has disregarded the Court's Orders and has effectively abandoned his case, dismissal is appropriate. *See Link,* 370 U.S. at 629-30 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). However, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, "no alternative sanction would protect the integrity of pre-trial procedures" as Neal's actions have indicated that he does not intend to further participate in his case. *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). Thus, given Neal's

disregard for this Court's Orders and his lack of participation in this matter since April 12, 2021, it will be recommended that this matter be dismissed without prejudice.

## III. CONCLUSION

As explained above, all four factors identified by the Sixth Circuit weigh in favor of dismissal of this action. Accordingly, **IT IS RECOMMENDED** that:

1) Neal's Complaint (R. 1) **be dismissed without prejudice** for failure to prosecute and to comply with Orders of the Court;

2) Defendants' Motion for Summary Judgment (R. 44) **be denied as moot;** and,

3) this action **be stricken** from the Court's active docket.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within 14 days of being served with a copy. Fed. R. Civ. P. 72(b)(2).

Dated this 28th day of February, 2022.




**Signed By:**
***Candace J. Smith***
**United States Magistrate Judge**

J:\DATA\Orders\civil ashland\2019\19-49-HRW R&R to dismiss.final.docx